Dear Chairman G.G. Atkinson,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Under the provisions of the Oklahoma Aeronautics CommissionAct, 3 O.S. 81 (1981) et seq., does the Act authorize thefunding of heliport facilities by the Oklahoma AeronauticsCommission?
¶ 1 The Oklahoma Aeronautics Commission Act was initially adopted in 1963 with the express purposes underlying its passage stated as being to further the public interest in aeronautical progress:
 (a) by granting to a state agency such powers and imposing upon it such duties that the state may properly perform its functions relative to aeronautics; effectively assist in the development of a statewide system of airports, cooperate with and assist the municipalities of this state and others engaged in aeronautics, and encourage and develop aeronautics in all its phases in this state;
 (b) by providing for the protection of persons and property through the promotion of safety in aeronautics; and
 (c) by providing for cooperation with federal authorities in the development of a national system of civil aviation and for coordination of the aeronautical activities of those authorities and the authorities of this state by assisting in accomplishing the purposes of federal legislation and eliminating costly and unnecessary duplication of functions in the province of federal agencies.
3 O.S. 83 (1981).
¶ 2 The Oklahoma Aeronautics Commission is created to oversee the State's efforts in this area. 3 O.S. 84 (1987). Among the ways that the Aeronautics Commission is empowered to accomplish its duties and prerogatives is its power set forth in 3 O.S.85(g)(2) (1981), which states:
 The Commission may render financial assistance by grant or loan or both to any municipality or municipalities acting jointly in the planning, acquisition, construction, improvement, maintenance, or operation of an airport owned or controlled, or to be owned or controlled, by such municipality or municipalities, out of appropriations of other monies made available by the Legislature for such purposes. Such financial assistance may be furnished in connection with federal or other financial aid for the same purposes.
¶ 3 In 1980, the Attorney General was asked the identical question now posed by you. He responded at that time that this statutory power did not encompass the funding of facilities for helicopters, such as heliports. A.G. Opin. No. 80-122. That advice was largely tendered upon the fact that the terms "helicopter" or "heliport" are never used in the Act, and that the constant use of the word "airport" or "airports," coupled with a perceived legislative goal of assuring minimally safe runways for fixed-wing aircraft as set forth in 3 O.S. 90 of the Act, indicated legislative intent that only aviation facilities for use by fixed-wing aircraft could be funded under the Act's terms.
¶ 4 However, as was commented upon briefly in that opinion, the definitional clauses contained in the Act, itself, utilize language somewhat broader than merely referring to fixed-wing aircraft. The term "aircraft" is defined in the Act thusly, in 3O.S. 82(b):
 "Aircraft" means any contrivance now known, or hereafter invented, used, or designed for navigation of or flight in the air or airspace.
¶ 5 The related term "airport" is defined in 3 O.S. 82(c):
 "Airport" means any area of land or water which is used, or intended for use, for the landing and takeoff of aircraft, and any appurtenant areas which are used, or intended for use, for airport buildings, clear zones, buffer zones, or other airport facilities or rights-of-way, together with all airport buildings and facilities located thereon.
¶ 6 Webster's Third New World Dictionary (unabridged perm. ed. 1981) states, on p. 1051, the following definition of the term "helicopter":
 An aircraft whose support in the air is derived chiefly from the aerodynamic forces acting on one or more rotors turning about substantially vertical axes.
¶ 7 The advice tendered in A.G. Opin. No. 80-122 is hereby withdrawn. While no doubt the Legislature did intend to provide priority funding for the construction of safe runways for fixed-wing aircraft in 3 O.S. 90, there is no indication that such language was designed to forbid the assistance by the Commission in funding of heliports and related helicopter facilities.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that the terms of the Oklahoma Aeronautics Act, 3 O.S.81 (1981) et seq., authorize the funding of heliport facilitiesby the Oklahoma Aeronautics Commission.
 Attorney General Opinion No. 80-122, advising to the contrary,is withdrawn.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, GENERAL COUNSEL DIVISION